766

**HASKINS v. UNITED STATES.**

No. 9485.

United States Court of Appeals
District of Columbia.

Argued May 26, 1947.

Decided Sept. 30, 1947.

Mr. T. Emmett McKenzie, of Washington, D. C., for appellant.

Mr. Sidney S. Sachs, Assistant United States Attorney, of Washington, D. C., with whom Mr. George Morris Fay, United States Attorney, and Mrs. Grace B. Stiles, Assistant United States Attorney, both of Washington, D. C., were on the brief, for appellee.

Messrs. Joseph F. Lawless and John D. Lane, Assistant United States Attorneys, both of Washington, D. C., also entered appearances for appellee.

Before GRONER, Chief Justice, and EDGERTON and WILBUR K. MILLER, Associate Justices.

PER CURIAM.

Appellant was convicted of grand larceny. Chief Justice Laws, who presided at the trial, was obliged to leave the courtroom on other official business after he had charged the jury. With the consent of counsel for appellant and of counsel for the government, expressly given in open court, he arranged that another judge should receive the jury's verdict. He designated Justice Morris. Within an hour and 25 minutes the jury reported to Justice Morris that they could not agree. In entirely general terms, in the presence of appellant and of his counsel, and without objection, Justice Morris informed the jury of their duty to make another effort to agree. An hour and 15 minutes later Chief Justice Laws returned to court and received the verdict of guilty.

What Justice Morris said to the jury was correct and necessary. Appellant does not question this. Appellant now objects to the fact that it was not Chief Justice Laws who said it. We think it clear that appellant waived any such objection by electing not to make it at the trial. In United States courts defendants are privileged to waive even very substantial anomalies in trials. Patton v. United States, 281 U.S. 276, 50 S.Ct. 253, 74 L.Ed. 854, 70 A.L.R. 263; Simons v. United States, 9 Cir., 119 F.2d 539, certiorari denied 314 U. S. 616, 62 S.Ct. 78, 86 L.Ed. 496. The anomaly in this case was not substantial. In fact, even aside from waiver, an independent reason for affirming the judgment is the obvious harmlessness of what was done. Appellant could not be prejudiced by the fact that it was one judge rather than another who informed the jury, in appropriate terms, of their duty to make a further effort to agree.

Affirmed.